UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| EVELYN GOMEZ ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 14 C 05814 |
| v. ) | |
| ) | Chief Judge Rubén Castillo |
| MIDLAND FUNDING, LLC, and ) | |
| MIDLAND CREDIT MANAGEMENT, ) | |
| INC., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM OPINION AND ORDER

Evelyn Gomez ("Plaintiff") brings this action against Midland Funding, LLC ("Midland") and Midland Credit Management, Inc. ("MCM") (collectively "Defendants") alleging violations of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq.* (R. 1, Compl.) Presently before the Court is Defendants' motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). (R. 5, Defs.' Mot. Dismiss.) For the reasons set forth below, the motion is denied.

## BACKGROUND

Plaintiff is an Illinois resident. (R. 1, Compl. ¶ 3.) Midland is a Delaware limited liability company with its principal place of business in San Diego, California. (*Id.* ¶ 4.) MCM is a Kansas corporation with its principal place of business in San Diego, California. (*Id.* ¶ 9.) Midland is a "debt scavenger" that regularly purchases large portfolios of defaulted consumer debts and attempts to collect them through debt collectors. (*Id.* ¶ 7.) MCM is a collection agency that attempts to collect debts held by Midland. (*Id.* ¶ 10.) Both Midland and MCM are alleged to be "debt collectors" within the meaning of the FDCPA. (*Id.* ¶¶ 8, 12.)

On an unspecified date Plaintiff incurred a debt for purchases made on a consumer credit card. (*Id.* ¶ 13.) She later defaulted on the debt. (*Id.* ¶ 14.) Midland purchased Plaintiff's defaulted debt, and retained the law firm of Blatt, Hasenmiller, Leibsker & Moore, LLC ("Blatt") to collect the debt. (*Id.* ¶¶ 15-16.) In February 2014, Blatt filed a complaint against Plaintiff in the Circuit Court of Cook County to collect the debt, which was listed as $2,416. (*Id.* ¶ 17; R. 1-1, Compl., Ex. E, State Ct. Compl.) During that same month, MCM allegedly took steps to collect an additional $193 on this same debt, which Plaintiff believes was an error. (R. 1, Compl. ¶ 21.) In March 2014, Plaintiff filed an appearance in the state lawsuit through counsel. (*Id.* ¶ 32.) A few days later, Plaintiff's counsel sent a copy of the appearance to Blatt, and notified Blatt that Plaintiff was disputing the debt. (*Id.* ¶ 33.) Blatt communicated this information to Midland. (*Id.* ¶ 35.) In May 2014, MCM, acting at the request of Midland, allegedly communicated credit information regarding the debt to a consumer reporting agency, but failed to mention that the debt was disputed. (*Id.* ¶¶ 36, 38.)

In July 2014, Plaintiff brought this action against Midland and MCM, claiming that they violated the FDCPA by increasing the amount of the debt without a statutory or contractual basis to do so, and by communicating false credit information when they failed to report that the debt was disputed.[1] (*Id.* ¶¶ 45-47.) Plaintiff does not seek any actual damages, and instead seeks statutory damages against both Midland and MCM, as well as attorneys' fees and costs. (*Id.* ¶ 47.)

---

[1] Plaintiff alleges that Midland is liable for any actions taken by MCM at its request or on its behalf. (R. 1, Compl. ¶ 42.)

On August 19, 2014, Midland made an offer of judgment to Plaintiff pursuant to Federal Rule of Civil Procedure 68,[2] agreeing to entry of judgment in the amount of $1,001, plus reasonable attorneys' fees and costs. (R. 6, Defs.' Mem., Ex. A, Offer of Judgment.) Plaintiff did not respond to the offer. (*See* R. 6, Defs.' Mem. at 7.) On August 22, 2014, Defendants filed a motion to dismiss, arguing that this Court lacks subject matter jurisdiction because their offer of judgment mooted Plaintiff's claims. (R. 5, Defs.' Mot. Dismiss.) Plaintiff filed a response objecting to the dismissal of her case. (R. 19, Pl.'s Resp.) Thereafter, Defendants filed a reply in support of their motion. (R. 24, Defs.' Reply.)

## LEGAL STANDARD

Rule 12(b)(1) provides for dismissal of a case when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). In deciding a motion to dismiss for lack of subject matter jurisdiction, the Court must accept as true all well-pleaded factual allegations in the complaint and draw all reasonable inferences in favor of the plaintiff. *Long v. Shorebank Dev. Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). The Court also may look beyond the pleadings to "view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." *Id.* (quoting *Capital Leasing Co. v. FDIC*, 999 F.2d 188, 191 (7th Cir. 1991)). The party invoking jurisdiction bears the burden of establishing that jurisdiction exists. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992). The determination of whether

---

[2] Rule 68 provides: "At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service." Fed. R. Civ. P. 68(a). Thereafter, the clerk must enter judgment pursuant to terms of the agreement. *Id.* If an offer is not accepted during the 14-day period, the offer is considered to be withdrawn. Fed. R. Civ. P. 68(b). If the offeree ultimately obtains a judgment less favorable than the unaccepted offer, the offeree must pay the costs incurred by the offeror after the offer was made. Fed. R. Civ. P. 68(d).

3

jurisdiction exists must be based on "what the plaintiff is claiming," and "not whether plaintiff is likely to win or be awarded everything [s]he seeks." *Brill v. Countrywide Home Loans, Inc.*, 427 F.3d 446, 449 (7th Cir. 2005).

## ANALYSIS

Article III of the U.S. Constitution limits the jurisdiction of federal courts to hear only live cases and controversies. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998); *A.M. v. Butler*, 360 F.3d 787, 790 (7th Cir. 2004). If there ceases to be an active controversy at any point in the litigation, the case is moot and must be dismissed. *See Damasco v. Clearwire Corp.*, 662 F.3d 891, 894-95 (7th Cir. 2011); *Butler*, 360 F.3d at 790. One way that a case can become moot is where a defendant makes an offer of judgment that meets or exceeds the maximum amount in controversy. *Greisz v. Household Bank (Ill.), N.A.*, 176 F.3d 1012, 1014 (7th Cir. 1999). In other words, if "the defendant offers to satisfy the plaintiff's entire demand, there is no dispute over which to litigate." *Smith v. Greystone Alliance, L.L.C.*, 772 F.3d 448, 449 (7th Cir. 2014) (quoting *Rand v. Monsanto Co.*, 926 F.2d 596, 597-98 (7th Cir. 1991)). Put simply, "[y]ou cannot persist in suing after you've won." *Greiz*, 176 F.3d at 1015. Nevertheless, for an offer of judgment to render a case moot, the defendant must offer "the complete relief sought" by the plaintiff. *Id.* at 1015. "A controversy exists when the plaintiff wants more, or different, relief than the defendant is willing to provide." *Smith*, 772 F.3d at 449. Thus, "[i]f the plaintiff asks for the moon, only offering the moon extinguishes the controversy." *Id.* at 450.

In deciding whether an offer of judgment has mooted a case, the Court cannot reach the ultimate merits of the case. *Id.* Rather, the sole issue to be decided is whether there is still an active controversy. *Id.* As the U.S. Court of Appeals for the Seventh Circuit recently explained:

> [I]f A demands $200,000, and B offers $110,000, there is a justiciable controversy even if B insists that A's legal entitlement is less than the offer. To know whether A's entitlement exceeds $110,000, the court would have to decide the merits. . . .

4

> A defendant cannot have the suit dismissed by making an offer limited to what it concedes the plaintiff is entitled to receive, even if the defendant happens to be right about its view of the plaintiff's entitlement, because deciding that entitlement resolves the merits. . . . [A] court must resolve the merits unless the defendant satisfies the plaintiff's demand.

*Id.* at 449-51. Therefore, "[a]n offer that the defendant or the judge believes sufficient, but which does not satisfy the plaintiff's demand, does not justify dismissal." *Id.* at 451; *see also Gates v. Towery*, 430 F.3d 429, 432 (7th Cir. 2005) ("A defendant cannot simply assume that its legal position is sound and have the case dismissed [as moot] because it has tendered everything it *admits* is due.").

Here, the parties disagree over whether the case should be dismissed as moot. (R. 5, Defs.' Mot. at 1; R. 19, Pl.'s Resp. at 4-14.) As a preliminary matter, Plaintiff argues that Defendants' motion was premature because it was filed only three days after the offer of judgment was made. (R. 19, Pl.'s Resp. at 10.) Under Rule 68, Plaintiff had 14 days to decide whether to accept the offer of judgment. Fed. R. Civ. P. 68(a); *see also Sanchez v. Prudential Pizza, Inc.*, 709 F.3d 689, 692 (7th Cir. 2013) (party has 14 days to accept Rule 68 offer, during which time the offer cannot be revoked). Defendants filed their motion to dismiss before those 14 days had elapsed. (*See* R. 5, Defs.' Mot.; R. 6, Defs.' Mem., Ex. A.) Technically speaking, the case could not have been "moot" when Defendants filed their motion, because Plaintiff still had time remaining to accept the offer; had Plaintiff accepted the offer, judgment would have been entered pursuant to the terms of the parties' agreement. *See* Fed. R. Civ. P. 68(a). Under these circumstances, the Court might be justified in striking the motion as premature. Such action is unnecessary, however, because the motion fails for a more substantive reason.

In the motion, Defendants argue that their offer of $1,001 renders this case moot because that is the most Plaintiff could obtain if she prevailed in this action. (R. 5, Defs.' Mot. at 1.; R. 6,

Defs.' Mem. at 5-8.) Plaintiff does not seek any actual damages in this case, and Defendants' view of the law is that $1,000 is the maximum amount of statutory damages an individual plaintiff can obtain under the FDCPA, even in a case involving multiple defendants. (R. 6, Defs.' Mem. at 5-8; R. 24, Defs.' Reply at 2-14.) On the other hand, Plaintiff argues that if she prevails against both MCM and Midland, she would be entitled to $2,000 in statutory damages—$1,000 from each Defendant. (R. 19, Pl.'s Mem. at 2-3.) Plaintiff argues that Defendants' offer did not provide her with all the relief she is seeking, and therefore, her case is not moot. (*Id.* at 3.)

The parties' disagreement centers on the damages provision of the FDCPA, which provides as follows:

> [A]ny debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of any actual damages sustained by such person as a result of such failure; [and] in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000[.]

15 U.S.C. § 1692k(a)(1), (2)(A). Courts have interpreted this provision to limit recovery of statutory damages to $1,000, even if the plaintiff proves multiple violations of the FDCPA. *See Wright v. Fin. Serv. of Norwalk, Inc.*, 22 F.3d 647, 651 (6th Cir. 1994) ("Congress intended to limit 'other damages' to $1,000 per proceeding, not $1,000 per violation."); *Harper v. Better Business Services, Inc.*, 961 F.2d 1561, 1563 (11th Cir. 1992) ("[T]he plain language of section 1692k(a)(2)(A) provides for maximum statutory damages of $1,000.").

Consistent with Defendants' argument, some courts have also held that statutory damages are capped at $1,000, even in cases involving more than one defendant.[3] *See Green v. Monarch Recovery Mgmt.*, No. 1:13-CV-00418, 2013 WL 5203809, at *2 (S.D. Ind. Sept. 16, 2013) ("the maximum statutory damages for this suit is $1,000 total, not per defendant"); *Martinez v. Scott*, No. H-10-1619, 2011 WL 3566970, at *5 (S.D. Tex. Aug. 12, 2011) ("While individual plaintiffs can each recover $1,000 in statutory damages for FDCPA violations, they cannot recover this amount from each defendant."); *Morgan v. Acct. Collection Tech., L.L.C.*, No. 05-CV-2131, 2006 WL 2597865, at *3 (S.D.N.Y. Sept. 6, 2006) (holding that "[S]ection 1692k(a)(2)(A) creates a ceiling that limits the damages an individual plaintiff can receive *per proceeding*, not per defendant"); *Evanauskas v. Strumpf*, No. Civ. A. 300CV1106, 2001 WL 777477, at *6 n.6 (D. Conn. June 27, 2001) (rejecting plaintiff's argument that "the court should award . . . a single plaintiff separate statutory damage awards from multiple defendants" and finding that "statutory damages are limited to $1,000 per action").

By the same token, there are also cases supporting Plaintiff's view that statutory damages can be assessed against each Defendant if Plaintiff proves that they independently violated the FDCPA. *See Jones v. Inv. Retrievers, L.L.C.*, No. 3:10-CV-1714, 2011 WL 1565851, at *7 (M.D. Pa. Apr. 25, 2011) (holding that the FDCPA imposes liability separately against each debt

---

[3] In their reply brief, Defendants cite to a non-precedential Seventh Circuit order for the proposition that the Seventh Circuit has adopted this view. (*See* R. 24, Defs.' Reply at 7 (citing *Thomas v. Law Firm of Simpson & Cybak*, 244 Fed. App'x 741 (7th Cir. Jul. 25, 2007)). The Court believes Defendants have misread that order. Although *Thomas* originally involved several defendants, all but one defendant, a law firm, was dismissed from the case. *See Thomas*, 244 Fed. Appx. at 742. The law firm then made the plaintiff an offer of judgment of $5,000 pursuant to Rule 68. *Id.* at 743. Because the plaintiff conceded that he had suffered no actual damages as a result of the defendant's alleged FDCPA violation, the Seventh Circuit agreed with the district court that the $5,000 offer well exceeded the amount of statutory damages the plaintiff could hope to obtain at trial. *Id.* at 743-44. The order did not address the issue of what statutory damages may be awarded when a case involves multiple defendants.

collector, and thus plaintiff could obtain an award of $2,000 in statutory damages in case involving two defendants); *Overcash v. United Abstract Grp., Inc.*, 549 F. Supp. 2d 193, 196-97 (N.D.N.Y 2008) (holding that under the FDCPA the plaintiff was entitled to $1,000 in statutory damages "per defendant"); *Ganske v. Checkrite, Ltd.*, No. 96-CV-0541, 1997 WL 33810208, at *5 (W.D. Wis. Jan. 6, 1997) (holding that "statutory damages can be imposed against more than one defendant debt collector in a single proceeding if it is established by the plaintiff that each debt collector independently violated the FDCPA").

While both sides have support for their respective positions, deciding which view is correct would require the Court to make a determination of Plaintiff's entitlement to relief under the applicable law—in essence, to make a determination of the merits. However, the Court is not permitted to reach the merits when deciding whether to dismiss for lack of subject matter jurisdiction. *See Smith*, 772 F.3d at 450 ("Deciding any part of the merits . . . is possible only if there is jurisdiction. A court can't decide the merits and *then* dismiss for lack of jurisdiction."); *see also Gates*, 430 F.3d at 432 (rejecting the defendant's suggestion that "unsuccessful lawsuits should be dismissed as moot . . . rather than decided on the merits," and observing that "[a] bad theory (whether of liability or of damages) does not undermine federal jurisdiction").

That is not to say that Defendants could not ultimately prevail on their argument regarding statutory damages. Indeed, if Plaintiff ultimately obtains less than the rejected offer, she may be liable for a portion of Defendants' costs, and may also lose her entitlement to a portion of her attorneys' fees, even if she prevails in this case. *See* Fed. R. Civ. P. 68(d) (party who ultimately obtains a judgment less favorable than an unaccepted Rule 68 offer must pay the costs incurred by the other party after the offer was made); *Sanchez*, 709 F.3d at 692 ("A plaintiff who rejects a Rule 68 offer but later wins a judgment in such a case may lose her

entitlement to a substantial portion of otherwise awardable attorney fees and costs if she does not win more than the rejected Rule 68 offer.").

The only question for this Court at present, however, is whether the case must be dismissed for lack of subject matter jurisdiction. (*See* R. 5, Defs.' Mot. at 1.) The answer to that question is no. Because Defendants have not offered Plaintiff all the relief she is seeking, the case is not moot. *See Smith*, 772 F.3d at 450 ("Smith wants more than $1,500; Greystone's offer [of $1,500] did not satisfy her demand; this suit therefore cannot be dismissed for lack of jurisdiction."). Accordingly, the motion to dismiss must be denied.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss (R. 5) is denied. The parties are ordered to appear for a status hearing on January 20, 2015, at 9:45 a.m., and to exhaust all settlement possibilities prior to the hearing.

ENTERED:
Chief Judge Rubén Castillo
United States District Court

Dated: December 31, 2014